yes your honor I'm Steve Cohn the attorney for the amicus and I'll have six minutes mr. Tulfason attorney for mr. Tides will have six minutes and we'll reserve three for rebuttal got it thank you very much your honor thank you this case concerns a per se rule prohibiting whistleblowers from contacting the press I have difficulty seeing it that way it looks to me as though what it concerns is a statute that prohibits retaliation against whistleblowers provided that their disclosures are to one of three classes of recipients of the information I don't see where the statute says anything about the press your honor the statutes these three categories is an actual misreading of the statute the definition of the statute mentioned the press it does not your honor okay so I look at the statute and what it says is that a company no company may discharge an employee because of lawful information done by the employee to provide information when the information is provided to a federal regulatory or law enforcement agency be a member of Congress or Committee of Congress see a person with supervisory authority over the employee and that's that's all she wrote is there some other section am I looking at the wrong section your honor there's 1514 a a1 which you're reading from there's also 1514 a a2 okay what's good for you in a a2 1514 a a2 says cause to be filed the language in 1514 a a2 is substantially identical to a variety of other whistleblower protection laws that have been in existence for 30 years all of which were with the press it's the concept of cause to be filed let's see that that section has four statutes listed plus SEC rules and provisions of federal law relating to fraud against shareholders I I didn't understand that the disclosures here fell within those categories your honor you can't mix there's apples and oranges the question of who you disclose information to is one issue the second issue is what type of information is disclosed but who matters I mean so if you work for if you if you work for Boeing at disclosing information to Airbus could be a problem and because their major competitor disclosing information to the Iranian Secret Service or the Chinese Secret Service could be a problem because Boeing does a lot of defense work it it seems like who you disclose to really does matter and those disclosures could be done indirectly through the press as well as directly yeah there's no doubt and that's why this court in Wrighton addressed the issue of how do you police disclosures to the press it's set up a balancing test which is substantially identical to the Pickering balancing test established by the US Supreme Court in 1968 which also concerned disclosures to the press they're not absolute it's not like you go to the SEC. Pickering was about a public employee's constitutional right to express his views in public on a matter of public interest that's correct in what in what picture talking about a matter of public interest and what Pickering decided was that because the person was an employee instead of having more of an absolute right like a citizen may have they adopted a balancing the law on public government federal government employees whistleblower protection uses the word any it it gives them protection without regard to who the disclosure is made and this this law doesn't say that yeah that's that's under the Whistleblower Protection Act not Pickering but getting back to Pickering what Pickering does is it acknowledges that in the context of an employee-employer relationship saying that the Pickering I know Pickering very well just by chance because of other cases and what you're you must be saying is that an employee of a private employer has a constitutional right to disclose the the business confidences of his employer to the press yeah absolutely I'm not saying that that's what Pickering says okay no it doesn't because Pickering establishes the school teacher has a constitutional right to disclose matters of public concern to the public and then it adopts a balancing test that balancing test was substantially picked up in the private sector context by this court in right in the balancing test of writing which reads as follows you can fire an employee if they go to the press and what's the balancing test harmonious and efficient operation was the disclosure reasonable in the light of the circumstances obviously disclosing confidential business information the balance would tip against the employee but in writing private sector employment they understood that employees go to the press in whistleblower cases every whistleblower case public or private sector up until this decision it's acknowledged whistleblowers go to the press you establish a balancing test in fact the two main precedents under the first Department of Labor administered whistleblowers I suppose Congress may have purposely limited what whistleblowers can do in this statute because of the danger of industrial espionage and other concerns no it's not the case because if you look at the definition of protected activity there are two clauses the one in which they add additional clauses includes Congress that's a quintessential public disclosure filing the lawsuit everything in this proceeding can become or is public either at the time it's filed Congress has non-public proceedings all the time when they're investigating yeah they have behind closed doors disclosures obviously but if the employee files their SOX case in federal court and lays out their protected disclosures in the complaint it's public we want to pass the baton to your yeah thank you very much your honor we're so short of time I just like to make a couple quick points first of all when the the SOX was enacted it said you could talk to any congressman it didn't say how it didn't say you couldn't get a bullhorn and go in front of Congress in front of the congressional building and yell your whistleblowing there's nothing in this statute that says it's confidential you would be the first court ever to interpret any of these statutes and we cited four of the whistleblowing statutes where they you're allowed to use the media as a mode of communication you can use a bullhorn you can use email you can use Twitter you can use anything the media is one of the most effective you can use this for blackmail we're not talking about blackmail we're talking about that's the kind of things that Enron's lawyers would have said well you could nobody that's doing fraud I must be a bad fellow because I asked you a question that you think Enron's lawyers might have raised but let's suppose I am a bad fellow still I don't understand why your interpretation wouldn't have provide for an employee who said Airbus would really like to know just what your particular business problem in my bailiwick is and I'm going to use a stand in front of the Capitol after alerting reporters that I'm going to be doing it unless you keep me on and give me a raise all right well some of the cases have letter writing campaigns and whatnot but what you've done is you've taken a question to the common law and statutory protection for intellectual property and you've asked that question in the context of Sarbanes-Oxley internal auditors identifying fraud they identified seven statutes and SEC rules that were violated for example the court said that they complained about terms and conditions of employment the SEC has a rule that requires companies to adopt a COSO or a similar framework the fundamental policy behind COSO is that you have healthy control environments to prevent these kinds of fraud where companies are trying to hide their fraud under a veil of confidentiality the government has put this system in place where you have to have financial controls written financial controls and you have to have a healthy control environment which means you don't harass your internal auditors that's the first step let me tell you an argument that they made that's caught my eye and see what you what you think of it they say a lot of your argument is more or less Sarbanes-Oxley is different in your case is a Sarbanes-Oxley case so your argument your statutory argument really doesn't doesn't fit the language we're dealing with here what's I think it's cause or we've cited the new case on what a filing is filing is giving any time at the oral notice Esten case I think that was it just came out a month ago no what I mean so they enumerate three categories of recipients of information unlike the whistleblowing act yeah the statute uses the words cause information to be provided or otherwise assists in investigation including and the preamble to the and the rules in an act it says you can go to a congressman that's not even doing an investigation yeah but here I didn't go a congressman so but you got caused they caused information to be provided which congressman got the information well actually I've talked to several of them anything in the record other than who you thought in the record but certainly one of the best ways to get this information out you look at so what made off so so you you would read the statute to mean you cause to be provided to Congress information by giving it to the press and assuming the congressman read the papers the press is one of the best ways to get the attention it's you can't just pick up the phone and call a you've got to get their intention somehow you've got to cause this to you've got to cause this attention what do you make of the difference in language between the whistleblower act and the socks act well Congress's gave their intent when they were doing this Sarbanes-Oxley I think there was only one dissenting vote on this when they voted for the statute and they were overwhelmingly wanted to follow all of the whistleblowing in fact that we cited in the brief I think it was Leahy and Jackson said that we wanted to provide as much as the federal employees got now why they didn't use the exact language of the federal employees statute I don't know but they knew that that's a major problem isn't it for you well there's three but there's three statutes well I can give them to you there's the energy reorganization act toxic substances control act occupational safety and health act that also most cases have said you can go to the media you've got the agency and we have that as exhibit one in our that may be but this one says you have to go to Congress you have to go to your supervisor and whoever else you have to go well you enforcement law enforcement I think you're a deed that the other statutes you'd be okay in the other study was been the weight within the statutes and when you look at those statutes we cited the case where the newspaper got wind of the idea that there was asbestos in the trucks that were leaving I think that was the Oklahoma University and that statute was extended to talking to the media about the dust of the asbestos that's not a socks case no but it's a whistleblowing case yeah I know but I'm saying the two whistleblowing statutes are different that's their point so to tell me that you can do it under the other statute I you may be right but the statutes those statutes are more restrictive than why why doesn't that hurt your case instead of helping it I mean if you've got other statutes that have much better language for you and this one doesn't why isn't that an indication that the lobbyists for one side were more persuasive than the lobbyists for the other side on this statute and they got the more restrictive language all of the statutes are silent on mode of communication they don't say you can use email they don't say you can use bullhorns or not the media is not where you file it so you think the way you you could disclose to law enforcement is stand in front of the police station after alerting reporters that you'd be there and do it on a bullhorn that way that's the right in case that you have where they call the press conference from the Ninth Circuit well yeah sure that's the statute doesn't prevent that that doesn't say it's confidential I'm out of time okay thank you very much we'll hear from the Eppley morning your honors morning I'm Eric Wolf counsel for Boeing please the court this is a very straightforward case of statutory interpretation that is how the district court addressed it the question can be answered right on the face of the statute as the court has noted the language here is very precise in fact it's one of the most precise of the whistleblower statutes because it identifies exactly what type of information it has to be and exactly who it has to go to the other statutes are not like that and to try and portray this case as some kind of outlier it's not really an outlier it's just a different statute and it's more restrictive let me speak to the points some of the points have been raised first of all there were suggestions that there's some other line other lines of authority there's all these cases out there that talk about whistleblowing to the media there really aren't there there are some there's the Donovan case that which is an OSHA case that the Secretary of Labor brought in camp in 1982 that that's one and then there is as Judge Silverman you pointed out the Federal Whistleblower Protection Act and and that statute refers to any disclosure and in fact the Hoffman case is a 2000 or 2001 Federal Circuit opinion and it it recounts the legislative history on the Federal Whistleblower Protection Act which is modestly comical because they were overturned numerous Federal Circuit decisions and they were very emphatic in the legislative history any means any be clear Federal Circuit any means any we really mean it and they recount all that the legislative history here is nothing like that it's all about going to the proper authorities it's all about telling the FBI or the SEC or reporting internally and Mr. Tolson says well go into the media that's such a good way to do it actually it's not a good way to do it a good way to do it is to first dip it in the bud internally and then if you really can't then you can go to the authorities aside from what would be a nice way as I read the law you don't have to first go to your boss you do not you can first go to Congress you get maximum trouble yeah is there any law or do we just have to do it ourselves that says that cause to be provide cause information to be provided in 1514 a a1 can't be interpreted to mean cause to be provided by telling Congress in public as opposed to privately I think there has to be we thought a lot about that you know what are the limits of cause to be provided and it obviously can't be but for causation I mean I'm wondering if what the employee could do is say you better give me a really big bonus and all kinds of good things or I'm gonna write a letter to every one of the 435 congressmen and hundred senators and I can't help but if somebody else happens to get a copy of the letter because their staff sends a Xerox to a reporter I think if that case arose I would I would say number one that might be that you could fire that employee for blackmail but also okay let's leave out the blackmail element the employee doesn't try to use the threat instead what he does is he sends a letter to all 435 congressmen and 100 senators just puts a letter in the mail to him he knows perfectly well that it's inconceivable that some staffer isn't going to give a copy of the letter to some reporter and it's going to be all over I don't know the Army Navy Times or whoever is interested in this sort of thing and why can't the statute be interpreted that way if they can make a show it's possible it can but here's what they would have to show the way the statute lays it out has to be a lawful act so it can't be misappropriating trade secrets or something like that and when they talk about providing the information causing it to be provided to those specified entities including Congress that has to be the person's objective the objective has to be I'm going to be telling Congress about what I personally believe is a violation and what a reasonable person would believe is a violation of the various listed laws and I think if they can if they can make that showing which is the plaintiffs have to make that showing but if they can make that showing that that was their objective that they really believed it and they are objectively reasonable and they're sending it to an entity that's listed right in the statute it's probably covered if there are no further questions thank you very much mr. wolf you gentlemen have a couple minutes left your honor I'd like to address the issue raised about the at language mirrors OSHA 29 USC 60 660 C which has been interpreted that type of language is covering going to the press it mirrors the Water Pollution Control Act 33 USC 1367 a which has been interpreted by the Department of Labor for 30 years as protecting the press it covers the era 42 USC 58 51 a 1f which has been interpreted by numerous decisions the Department of Labor all of these decisions interpreting that portion of the socks definition of protected activity those decisions existed before Congress passed socks and before Congress essentially lifted these standard Department of Labor whistleblower protection laws and applied that model to the Sarbanes-Oxley Act furthermore I'm a little puzzled about the applicability of a is it a a a to because your complaint appears to have been brought under a one your honor I I'm for the amicus I'm talking about this the interpretation of the law and I don't know if the complaint okay specified a one or a to pose it take my word for it it says a one so a one is also very interesting because what it does is in those earlier laws imagine if you will all it said was cause to be provided information to a regulatory authority that's what they said I can't see where a to addresses this it it protects employees who file formal proceedings testify in formal proceedings and that didn't happen here okay exactly under the Water Pollution Control Act which uses the identical words filed institute or cause to be followed any proceeding the Labor Department this is 30 years ago said to cause a proceeding means contact contacting the press is the same as causing a proceeding it doesn't say cause of proceeding it says cause to be filed your cause to be followed they interpreted that language the cause to be language as covering that intermediary of going to a newspaper and having that information and filter down to a government agency well recognizing that government agencies often react in a timely and more effective manner when information's in press and then two years later in Donovan the district court says this it is clear that a proceeding could be initiated after an employee's communication with the news media adopting that exact same concept of the Department of Labor applying it to OSHA instead of just water pollution control these were the precedents when Congress enacted SOX now they'll wrap up your answer out of time thank you very much your honor well just one last thing the first clause what's fascinating about it is that in the older statutes it pretty much says you know contacting a regulatory authority SOX increased who you could contact but the concept the actual phraseology is the same the court interpreted increasing who you could initiate a proceeding with as limiting when in fact it expanded thank you thank you gentlemen the case just argued is submitted we'll stand in recess for this session the panel wants to thank Ms. Bredner for her help this week thank you
judges: Kleinfeld, Tashima, Silverman